James A. SAMUEL, Appellant,

v.

UNITED STATES, Appellee.

No. 5406.

District of Columbia Court of Appeals.

Argued Nov. 23, 1970.

Decided Jan. 12, 1971.

Noel H. Thompson, Washington, D. C., appointed by this court, for appellant.

Julius A. Johnson, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Robert D. Zsalman, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and REILLY, Associate Judges.

HOOD, Chief Judge:

This appeal is from a conviction of petit larceny of a small portable television set belonging to complainant who is hereafter referred to as the daughter. She, her husband and her father lived together in an apartment. The set, which was not in operating condition, was kept in the father's bedroom where there also was a larger set which was operating. One Sunday appellant, as an invited guest of the father, was in the room and the two of them watched a program on the larger set. The father fell asleep and appellant left without awakening him. Later on the same day appellant made a second visit to the apartment. About noon of the following day the daughter noticed that her portable set was missing and she notified her father. They, suspecting appellant had taken the set, went to his home and asked if he had taken it. He denied taking it. Later the daughter saw appellant on the street and told him she wanted her television. He replied: "If I did have your television, I am not going to give you a damn thing." Her reply to that was that she "was going to see that he went to jail." The set was never found.

At trial appellant, admitting that on the day in question he was in the bedroom on two occasions, testified that he saw only the larger television set and did not observe a smaller set in the room.

Although it is plain from the record that the trial court found the complaining witness to be entirely truthful in her testimony and that appellant's testimony was lacking in credibility, the fact remains that

no one saw appellant take, or even touch the missing set. The sum of the Government's evidence was that on two occasions on one day appellant was in the room where the set was and that the following day the set was missing. In finding appellant guilty, the trial court said: "This defendant was there and so was the television. He left and so did the television." This was not enough to support a conviction. Evidence of opportunity to steal is not sufficient proof that the accused did steal.

■ We hold the evidence insufficient to support the conviction and must reverse, but feel it necessary to refer to another matter which gives us concern. During final argument the following colloquy took place between the court and defense counsel:

> THE COURT: Did you ever ask the defendant if he took the set?
>
> DEFENSE COUNSEL: No, I didn't, Your Honor.
>
> THE COURT: And he didn't say he didn't, either. Go on.

■ If the court was inquiring of defense counsel whether he *ever, i. e.,* at any time, asked his client if he was guilty, the question of course was highly improper because it was an attempted invasion into the confidential and privileged communications between counsel and client. If, as the Government argues, the court's question was limited to whether counsel asked his client while on the witness stand whether he took the set, we still fail to see the propriety of the court's question. Although the record discloses that defense counsel did not directly inquire of appellant in direct examination whether he took the set, it should not be held against appellant that he failed to deny taking that which he denied ever having seen.

Reversed with instructions to enter judgment of acquittal.